IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
March 20, 2007 Session

## PATRICE ALLEN, ET AL. v. METHODIST HEALTHCARE MEMPHIS HOSPITALS, ET AL.

**Direct Appeal from the Circuit Court for Shelby County**
**No. CT-006444-02     D'Army Bailey, Judge**

_____

**No. W2006-01558-COA-R3-CV - Filed April 2, 2007**

_____

This is a medical malpractice action in which the jury found in favor of Defendant hospital. Plaintiff asserts Defendant's expert was not qualified under Tennessee Code Annotated § 29-26-115(a)(1), and that the matter accordingly should be remanded for a new trial. We reverse the trial court's order denying Plaintiff's motion for new trial, vacate the judgment on jury verdict, and remand for a new trial.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed in part; Reversed in part; Vacated in part and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and HOLLY M. KIRBY, J., joined.

Carroll C. Johnson, III, and Timothy R. Holton, Memphis, Tennessee, for the appellant, Patrice Allen.

John E. Hall, Jr. and Robert L. Shannon, Jr., Atlanta, Georgia, for the appellee, Methodist Healthcare Memphis Hospitals.

**OPINION**

This is a medical malpractice/wrongful death action filed by the mother of a child born with severe brain damage. On November 12, 2001, Plaintiff Patrice Allen (Ms. Allen) then pregnant, was admitted to a hospital operated by Defendant Methodist Healthcare Memphis Hospitals ("the Hospital") in Memphis at approximately 12:00 noon. Pitocin, a labor-inducing drug, was administered to Ms. Allen and monitors were attached to track the fetal heart rate and Ms. Allen's contractions. Pitocin was discontinued at approximately 6:45 PM, and Ms. Allen received cervidil, a cervical ripening agent. At approximately 12:33 AM on November 13, the fetal monitor indicated a fetal bradycardia, or a decline in the fetal heart rate. Ms. Allen experienced a placental abruption (separation of placenta from uterus) and her child, Kenton, was delivered by cesarian section shortly

after 1:00 A.M. Kenton was born with severe brain damage and subsequently died in December 2003.

On November 12, 2002, Ms. Allen filed this lawsuit against the Hospital and the physicians and nurses who attended her during labor and delivery. In her complaint, Ms. Allen alleged the negligence of the physicians and the Hospital's nursing staff caused Kenton to suffer a period of hypoxia prior to delivery, which resulted in brain damage. She asserted that the medications administered to her between admission to the hospital and delivery caused her uterus to become hyper-stimulated, resulting in contractions that were too frequent and too prolonged. She also asserted that monitoring established that Kenton experienced in utero tachycardia and bradycardia, and that a cesarian section should have been performed earlier. She contends that had a cesarian section been performed sooner, the injury to Kenton would have been averted. Ms. Allen alleged Defendant physicians and nurses negligently failed to recognize the gravity of her condition and to act promptly to prevent hyperstimulation of the uterus, which caused the placental abruption. Ms. Allen prayed for compensatory damages for herself and Kenton in the amount of $30,000,000. She additionally prayed for punitive damages in the amount of $30,000,000. Following Kenton's death, Ms. Allen filed a suggestion of death and amended her complaint to assert damages arising from wrongful death. Ms. Allen also voluntarily non-suited her claims against the individual Defendants.

Ms. Allen's action against the Hospital was tried before a jury from January 30 to February 23, 2006. At trial, Ms. Allen offered the expert testimony of Carl Reddix, M.D., and the Hospital offered the expert testimony of John Edward VanHooydonk, M.D. (Dr. VanHooydonk), to establish the standard of professional care applicable in Memphis. The jury returned a verdict in favor of the Hospital and the trial court entered judgment on the jury verdict. Ms. Allen moved the court for a new trial asserting, *inter alia*, that the trial court erred in admitting the testimony of Dr. VanHooydonk over her objection because Dr. VanHooydonk was not qualified as an expert under the locality rule. The trial court denied Ms. Allen's motion for a new trial on June 19, 2006. The trial court also denied the Hospital's motion for discretionary costs. The matter was timely appealed to this Court. We reverse the trial court's denial of Ms. Allen's motion for new trial, vacate judgment on the jury verdict in favor of the Hospital, and remand this matter for a new trial. We affirm the trial court's order denying the Hospital's motion for discretionary costs.

### *Issue Presented*

Ms. Allen raises several issues for our review pertaining to the trial court's admission of evidence, limitation of testimony, limitation of cross-examination, and limitation of opening and closing statements. The dispositive issue, however, is whether the Hospital's expert, Dr. VanHooydonk, was properly qualified to testify under Tennessee Code Annotated § 29-26-115(a)(1).

### *Analysis*

This appeal requires us once again to consider the requirements and constraints of Tennessee Code Annotated § 29-26-115(a). The statutory section provides:

-2-

(a) In a malpractice action, the claimant shall have the burden of proving by evidence as provided by subsection (b):

(1) The recognized standard of acceptable professional practice in the profession and the specialty thereof, if any, that the defendant practices in the community in which the claimant practices or in a similar community at the time the alleged injury or wrongful action occurred;

(2) That the defendant acted with less than or failed to act with ordinary and reasonable care in accordance with such standard; and

(3) As a proximate result of the defendant's negligent act or omission, the plaintiff suffered injuries which would not otherwise have occurred.

Tenn. Code Ann. § 29-26-115(a)(2000).

Under subsection (a)(1), known as the "locality rule," a party proffering expert testimony regarding the applicable standard of care must demonstrate that the expert has knowledge of the standard of care applicable in the defendant's community or in a community that the party demonstrates is similar to that of the defendant. *E.g., Robinson v. LeCorps*, 83 S.W.3d 718, 724 (Tenn. 2002). This Court repeatedly has held that merely asserting familiarity with the local standard of care is not sufficient to demonstrate knowledge under the statutory standard. *E.g., Eckler v. Allen*, No. W2005-02501-COA-R3-CV, 2006 WL 3422105, at *4 (Tenn. Ct. App. Nov. 29, 2006)(*perm. app. pending*)(citing *Johnson v. Pratt*, No. W2003-02110-COA-R3-CV, 2005 WL 1364636, at *7 (Tenn. Ct. App. June 9, 2005)(*perm. app. denied*)(citing *Mabon v. Jackson-Madison County Gen. Hosp*. 968 S.w.2d 826, 831 (Tenn. Ct. App. 1997))). Rather, the expert must present facts demonstrating how he or she has obtained knowledge of the standard of care in either the community in which the defendant practices or in a similar community. *Id.* The burden of demonstrating that the expert witness is qualified under the section is on the party proffering the witness, and is the same whether the witness is offered by the plaintiff or defendant. *Carpenter v. Klepper*, 205 S.W.3d 474, 483 (Tenn. Ct. App. 2006).

In this case, Ms. Allen asserts the Hospital failed to carry its burden to demonstrate that Dr. VanHooydonk is qualified to offer expert testimony under § 29-26-115(a)(1), particularly in light of this Court's recent holding in *Eckler v. Allen*, No. W2005-02501-COA-R3-CV, 2006 WL 3422105 (Tenn. Ct. App. Nov. 29, 2006). In her demand for relief, she asks this Court to reverse the trial court's judgment and to remand this matter for a new trial.

It is undisputed that Dr. VanHooydonk practices in Nashville and not in Memphis. Dr. VanHooydonk completed his medical residency at Vanderbilt Hospital in Nashville, is a member of the faculty at Vanderbilt, and all the hospitals at which he holds privileges are located in Nashville. However, the Hospital offered no evidence that Nashville is a community similar to Memphis.

We accordingly turn to whether Dr. VanHooydonk demonstrated knowledge of the standard of care applicable to nurses in Memphis hospital practice for the purposes of § 29-26-115(a)(1). The Hospital asserts Dr. VanHooydonk demonstrated familiarity with the applicable standard of care

where he testified that he has interacted with Memphis physicians and nurses at a number of medical lectures and where he taught a continuing medical education in Memphis on timely intervention in obstetrics. The Hospital asserts that Dr. VanHooydonk's teaching experience regarding intervention in obstetrics makes him particularly qualified to testify in this matter. Although the Hospital arguably has shown that Dr. VanHooydonk's credentials demonstrate knowledge of an optimum or national standard of care, we agree with Ms. Allen that the Hospital has failed to demonstrate knowledge of the standard of care in Memphis, or in a similar community, for the purposes of the statute.

This Court recently addressed a similar circumstance in *Eckler v. Allen*. In *Eckler*, the expert medical witness offered by plaintiff demonstrated expert knowledge of his specialized field of Mohs micrographic surgery. The witness asserted that he had become familiar with the standard of care applicable to surgeons performing Mohs micrographic surgery in Memphis through discussing the applicable standard with Memphis physicians and by surveying the Memphis surgeons who perform this specialized procedure. *Id.* In *Eckler*, we noted that evidence of knowledge of a national, regional, or even state-wide standard of care is not sufficient to demonstrate familiarity with the applicable standard of care under the locality rule. *Id.* at *5 (citations omitted). We noted that the knowledge required by the statute is personal knowledge, or knowledge gained "in person without the intervention of another." *Id.* (citing *Webster's Ninth New Collegiate Dictionary*, 877 (1986)). It is, in short, first-hand knowledge. *Id.* (citing *State v. Howard*, 926 S.W.2d 579, 585 (Tenn. Crim. App. 1996)). In *Eckler*, we agreed with defendant/appellee physician that discussing the applicable standard of care with physicians who practice in the locality does not satisfy the requirement of knowledge for the purposes of § 29-26-115(a)(1). *Id.* at *6.

We likewise hold here that Dr. VanHooydonk's discussions with Memphis physicians and nurses at medical lectures does not constitute personal knowledge of the standard of care applicable in Memphis under the section. We also hold that, although Dr. VanHooydonk's teaching of continuing education classes in obstetric intervention implies knowledge of a national standard of care, it does not demonstrate knowledge of the standard of care in the Memphis community. The Hospital does not assert that the applicable standard of care is otherwise demonstrated by qualified expert testimony in either the 1540 page technical record, 44 volume transcript, or numerous exhibits in this case.

***Holding***

In light of the foregoing and pursuant to the constraints of the locality rule codified at Tennessee Code Annotated § 29-26-115(a)(1), we reverse the trial court's order denying Ms. Allen's motion for new trial. If, as this Court has suggested, the locality rule has become outdated in light of advanced contemporary medical training and practice, it is within the purview of the General Assembly to amend it. The trial court's entry of judgment in favor of the Hospital is vacated, and this matter is remanded for a new trial. Because our determination of this issue is dispositive of this appeal, additional issues raised by Ms. Allen are pretermitted. We affirm the trial court's order

-4-

denying the Hospital's motion for discretionary costs.  Costs of this appeal are taxed to the Appellee, Methodist Healthcare Memphis Hospitals.


_____
DAVID R. FARMER, JUDGE