IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
March 4, 2008 Session

**DONNA FAYE SHIPLEY, ET AL. v. ROBIN WILLIAMS, M.D.**

**Appeal from the Circuit Court for Davidson County**
**No. 02C-3204    Barbara N. Haynes, Judge**

_____

**No. M2007-01217-COA-R3-CV - Filed August 14, 2009**
_____

In reliance on plaintiff's experts, the trial court granted defendant doctor's motion for partial summary judgment on the medical malpractice claim pertaining to defendant's failure to admit plaintiff into the hospital. The trial court later granted the defendant doctor summary judgment on the remaining malpractice claims finding that the plaintiff's medical expert proof previously relied upon by defendant failed to comply with Tenn. Code Ann. § 29-26-115. We reverse the grant of partial summary judgment on the failure to admit claim since the defendant doctor relied solely on plaintiff's experts, whose testimony was later found inadmissable. We also reverse the summary judgment of the remaining malpractice claims since the defendant doctor never presented proof to negate an element of those claims. Consequently, the plaintiff had no duty to create issues of fact at the summary judgment phase.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Reversed**

PATRICIA J. COTTRELL, P.J., M.S., delivered the opinion of the court, in which ANDY D. BENNETT and RICHARD H. DINKINS, JJ., joined.

Steven R. Walker, Memphis, Tennessee; Joe Bednarz, Sr., Nashville, Tennessee, for the appellant, Donna Faye Shipley, and as Next Friend and Surviving Wife of Frank Shipley, Deceased.

Wendy Lynne Longmire, Julie Bhattacharya Peak, Nashville, Tennessee, for the appellee, Robin Williams, M.D.

**OPINION**

The plaintiffs, Donna and Frank Shipley, filed suit against the hospital, Columbia Medical Center, d/b/a Summit Medical Center ("the Hospital"), a hospital emergency room doctor, and another doctor to recover for injuries she sustained due to defendants' alleged negligence.

Mrs. Shipley alleges in her complaint that on November 18, 2001, she went to the Hospital's emergency room complaining of abdominal pain, fever, and a sore throat. She was seen by the emergency room doctor, Dr. Walker, who ordered tests that showed an elevated white blood cell count. After being given fluids and medication for pain, Dr. Walker sent Mrs. Shipley home with instructions to stay on a clear liquid diet and to call Dr. Robin Williams, her surgeon, for further follow-up treatment.

Mrs. Shipley alleges that she called Dr. Williams's office several times for an appointment and later was told by the office manager that since it was a non-surgical matter, Dr. Williams would not see her. On the evening of November 21, 2001, Mrs. Shipley again went to the Hospital emergency room and was admitted in critical condition with sepsis and pneumonia. As a result, Mrs. Shipley allegedly suffered a stroke and other permanent damage. The Hospital and emergency room doctor were dismissed, and those dismissals were not appealed.

With regard to the sole remaining defendant, Dr. Robin Williams, Mrs. Shipley alleges Dr. Williams negligently failed to admit her to the Hospital, failed to properly assess her condition, failed to provide necessary medical treatment, failed to have her promptly referred to another doctor, and failed to adequately follow-up Mrs. Shipley's progress. The claim that Dr. Williams negligently failed to admit Mrs. Shipley was dismissed by partial summary judgment on September 1, 2006. The trial court granted Dr. Williams full summary judgment on the remaining claims on February 6, 2007. The Shipleys appealed the two orders granting Dr. Williams summary judgment.

## I. FACTS

The following facts are not in dispute as evidenced by the Shipleys' responses to Dr. Williams's two Statements of Undisputed Facts.[1] Dr. Williams was a general surgeon in Nashville. In January of 2001, Dr. Williams performed surgery on Mrs. Shipley at the Hospital, removing her colon and small intestine. As of September 2001 when Dr. Williams saw Mrs. Shipley, she was doing well and making progress. At that time, Dr. Williams was concerned that Mrs. Shipley faced potential hydration problems. Mrs. Shipley makes no claims of negligence regarding her surgery or Dr. Williams's routine surgical follow-up care.

Mrs. Shipley's allegations of negligence concerned what transpired between November 17 and 21 of 2001. On Saturday, November 17, 2001, Mrs. Shipley called Dr. Williams's office to complain of a sore throat and abdominal pain. That same day, Dr. Williams's office returned Mrs. Shipley's call to inform her to come in to see Dr. Williams on Tuesday, November 20. Mrs. Shipley was also told that if her condition worsened to call back and Dr. Williams would send her to the emergency room. The next day, on Sunday, November 18, Mrs. Shipley called Dr. Williams and

---

[1] Dr. Williams submitted a Statement of Undisputed Facts in support of her motion for partial summary judgment ("First Statement") that concerned primarily Mrs. Shipley's claim that Dr. Williams negligently failed to admit her to the Hospital. Mrs. Shipley responded to this Statement. Dr. Williams also submitted a second Statement of Undisputed Facts to support her motion for summary judgment on the remaining negligence claims that Mrs. Shipley admitted for the purposes of the motion ("Second Statement").

reported a fever of 102 degrees and persistent abdominal pain. Dr. Williams told Mrs. Shipley to go to the emergency room. Dr. Williams called the Hospital emergency room to advise them that Mrs. Shipley was coming in for evaluation with complaints of fever and abdominal pain.

Dr. Walker was the emergency room physician who saw Mrs. Shipley at the Hospital on Sunday, November 18. Dr. Walker got Mrs. Shipley's medical history, performed an exam, and ordered various tests, including a complete blood count, urinalysis, chest x-ray, a serum amylase, a urine drug test, and a blood alcohol test. The tests showed Mrs. Shipley had an elevated white blood cell count. Dr. Walker believed Mrs. Shipley to be mildly dehydrated. Dr. Walker also ordered CT scans to rule out an abdominal abscess or gallstones.

Dr. Walker was unable to determine the cause of Mrs. Shipley's pain and made a general diagnosis that she suffered from abdominal pain of unclear origin and that she was dehydrated. Everyone agrees that Dr. Walker then called and spoke with Dr. Williams describing all of his findings, the lab data, and the result of the CT scans. Mrs. Shipley relies on Dr. Walker's account of his conversation[2] with Dr. Williams, wherein he said he told Dr. Williams that Mrs. Shipley should be reexamined because she had unexplained abdominal pain. Dr. Williams thought Mrs. Shipley might have been significantly dehydrated, suggested a second bag of I.V. fluid and told Dr. Walker that she would see Mrs. Shipley in her office. Dr. Walker testified in his deposition that an elevated white blood cell count could come from many different things, including dehydration.

When Mrs. Shipley was discharged from the emergency room, she was given the following instructions: "Abdominal pain of unclear origin, rest, push fluids vigorously, and stay on clear liquid diet for next 10-12 hours, call Dr. Williams in A.M. to arrange recheck and further care."

After Mrs. Shipley left the emergency room, it was arranged for her to see her primary care doctor, Dr. Lisa Long, for a follow-up on Wednesday, November 21, 2001, instead of Dr. Williams. Unbeknownst to Dr. Williams, Mrs. Shipley's primary care physician, Dr. Long, became ill with meningitis and could not see Mrs. Shipley for her Wednesday, November 21 appointment. Later that evening, on November 21, Mrs. Shipley was admitted into the hospital in critical condition with sepsis and pneumonia.

## II. Summary Judgement

A trial court's decision on a motion for summary judgment enjoys no presumption of correctness on appeal. *Martin v. Norfolk Southern Railway Co.*, 271 S.W.3d 76, 84 (Tenn. 2008); *Blair v. West Town Mall*, 130 S.W.3d 761, 763 (Tenn. 2004). We review the summary judgment decision as a question of law. *Id.* Accordingly, this court must review the record *de novo* and make

---

[2] Dr. Williams's First Statement of Facts varies slightly from Dr. Walker's recollection of this conversation. Dr. Williams recalls that Dr. Walker told her that Mrs. Shipley did not have an acute abdomen. Dr. Walker's deposition testimony is silent on this issue. In Mrs. Shipley's response to the Statement, she relies on Dr. Walker's account of the conversation. We do not believe this dispute is determinative in the summary judgment issue.

a fresh determination of whether the requirements of Tenn. R. Civ. P. 56 have been met. *Eadie v. Complete Co., Inc.*, 142 S.W.3d 288, 291 (Tenn. 2004); *Blair v. West Town Mall*, 130 S.W.3d 761, 763 (Tenn. 2004).

The moving party has the burden of demonstrating it is entitled to judgment as a matter of law and that there are no material facts in dispute. *Martin*, 271 S.W.3d at 83. To be entitled to summary judgment, a defendant moving party must either (1) affirmatively negate an essential element of the non-moving party's claim or (2) show that the nonmoving party cannot prove an essential element of the claim at trial. *Hannan v. Alltel Publishing Co.*, 270 S.W.3d 1,9 (Tenn. 2008). If the party seeking summary judgment makes a properly supported motion, the burden shifts to the nonmoving party to set forth specific facts establishing the existence of a genuine issue of material fact. *Martin*, 271 S.W.3d at 84; *Hannan*, 270 S.W.3d at 5; *Staples v. CBL & Associates*, 15 S.W.3d 83, 86 (Tenn. 2000) (citing *Byrd v. Hall*, 847 S.W.2d at 215).

## III. EXPERT PROOF IN MEDICAL MALPRACTICE CLAIMS

Expert testimony is required to establish negligence and causation in medical malpractice cases, except where the act of alleged malpractice lies within the knowledge of ordinary laymen. *Kenyon v. Handal*, 122 S.W.3d 743, 758 (Tenn. Ct. App. 2003); *Mercer v. HCA Health Services of Tennessee*, 87 S.W.3d 500, 507 (Tenn. Ct. App. 2002). Tennessee Code Annotated § 29-26-115 sets out the requirements for establishing a malpractice claim, providing in pertinent part:

> (a) In a malpractice action, the claimant shall have the burden of proving by evidence as provided by subsection (b):
>
>> (1) The recognized standard of acceptable professional practice in the profession and the specialty thereof, if any, that the defendant practices in the community in which the defendant practices or in a similar community at the time the alleged injury or wrongful action occurred;
>> (2) That the defendant acted with less than or failed to act with ordinary and reasonable care in accordance with such standard; and
>> (3) As a proximate result of the defendant's negligent act or omission, the plaintiff suffered injuries which would not otherwise have occurred.
>
> (b) No person in a health care profession requiring licensure under the laws of this state shall be competent to testify in any court of law to establish the facts required to be established by subsection (a), unless the person was licensed to practice in the state or a contiguous bordering state a profession or specialty which would make the person's expert testimony relevant to the issues in the case and had practiced this profession or specialty in one (1) of these states during the year preceding the date that the alleged injury or wrongful act occurred. This rule shall apply to expert

witnesses testifying for the defendant as rebuttal witnesses. The court may waive this subsection (b) when it determines that the appropriate witnesses otherwise would not be available.

Appellate courts employ the "abuse of discretion" standard when reviewing a trial court's decision regarding competency of experts in medical malpractice actions. *Robinson v. LeCorps*, 83 S.W.3d 718, 725 (Tenn. 2002); *Eckler v. Allen*, 231 S.W.3d 379, 384 (Tenn. Ct. App. 2006); *Kenyon*, 122 S.W.3d at 759. Under this standard, if "reasonable minds" can disagree about the propriety of the decision, it will be upheld. *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001). A trial court is deemed to have abused its discretion if it applies an incorrect legal standard, or reaches a conclusion that both is against logic and reasoning and causes an injustice to the complaining party. *Id*. *See Mercer v. Vanderbilt University*, 134 S.W.3d 121, 131 (Tenn. 2004). This standard prohibits the appellate court from substituting its judgment for the trial court. *Eldridge*, 42 S.W.3d at 85.

## IV. ANALYSIS

Mrs. Shipley appeals the trial court's order granting Dr. Williams partial summary judgment on the failure to admit claim and the trial court's later order granting Dr. Williams summary judgment on the remaining medical malpractice claims. Therefore, our analysis shall address each order separately.

### A) Partial Summary Judgment On Failure To Admit Claim

In June of 2006, Dr. Williams sought summary judgment of the claim that she negligently failed to admit Mrs. Shipley to the Hospital on November 18, 2001. Dr. Williams's motion for partial summary judgment rests on two grounds. First, Dr. Williams relies on the *plaintiff's expert testimony* as proof that the failure to admit did not breach the applicable standard of care. Second, Dr. Williams argues that since the failure to admit claim had been dismissed against the emergency room physician, Dr. Walker, then the "law of the case" requires that the failure to admit claim against the surgeon, Dr. Williams, also be dismissed.

The trial court granted Dr. Williams's partial summary judgment on the failure to admit claim, on September 1, 2006, without specifying the ground relied upon.

Dr. Williams relies on the expert testimony of Mrs. Shipley's emergency room expert, Dr. Shaw, to support a finding that Dr. Williams did not violate the standard of care. Dr. Shaw testified as follows:

Q.    Did you see anything in the medical record of 11/18/01 which would tell you, as an emergency room physician, that you felt this patient must be admitted?

A.    No.

Q.  All right. So you have no fault with Dr. Williams or Walker in discharging this patient?

A.  No.

Q.  Is that correct?

A.  That's correct.

Q.  And based upon a reasonable degree of medical certainty?

A.  That's correct.

The plaintiff's surgical expert, Dr. Rerych, also testified about whether Dr. Williams' failure to admit Mrs. Shipley was malpractice. Dr. Rerych testified that Dr. Williams should have either admitted Mrs. Shipley to the hospital *or* provided follow up care the next day, *i.e.*, that it was an "either/or" situation. According to Dr. Rerych, admission was not an absolute imperative and, in his opinion, Mrs. Shipley's condition did not require immediate admission.

Normally a defendant offers its own expert witnesses to negate an essential element of plaintiff's claim. As discussed earlier, where defendant fails to offer proof, the plaintiff has no obligation to create a material fact. That having been said, a defendant can certainly rely on plaintiff's experts to negate essential elements of plaintiffs' claims. As the Supreme Court in *Martin* noted, "the moving party must either produce evidence or refer to evidence previously submitted by the nonmoving party that negates an essential element of the nonmoving party's claim." 271 S.W.3d at 84. Here, Dr. Williams does just that and relies on the expert proof offered by plaintiff. There were no objections to the admission of the testimony of Dr. Shaw or Dr. Rerych at this point in the proceedings.

Since Dr. Williams relied on expert proof to negate the claim that failure to admit Mrs. Shipley violated the standard of care and Mrs. Shipley came forward with no countervailing evidence, the trial court granted Dr. Williams partial summary judgment on the failure to admit claim.

Subsequent rulings by the trial court, however, cast in doubt reliance upon the testimony of Drs. Shaw and Rerych. Later in the proceedings, as part of a second summary judgment motion to dismiss the remaining claims, Dr. Williams moved to find that Drs. Shaw and Rerych did not meet the requirement of Tenn. Code Ann. § 29-26-115. In other words, Dr. Williams relied on the testimony of plaintiffs' experts to get the failure to admit claim dismissed, yet when the plaintiff later sought to rely on these same two experts, Dr. Williams claimed the plaintiff's expert testimony could not be used since they failed to comply with Tenn. Code Ann. § 29-26-115.

The trial court agreed that neither doctor met the requirements of Tenn. Code Ann. § 29-26-115. The trial court first found that Dr. Shaw, an emergency room physician, failed to meet the requirements of Tenn. Code Ann. § 29-26-115 since he did not practice the appropriate speciality, *i.e.*, surgery. Based upon the abuse of discretion standard, we cannot disagree that an emergency room physician's opinion is not helpful in determining whether a surgeon committed malpractice.

The trial court also excluded Dr. Rerych's testimony, since he also failed to meet the requirement of Tenn. Code Ann. § 29-26-115. Dr. Rerych did not prove he was familiar with the applicable standard of care in Nashville. He also failed to prove that Nashville is similar to his medical community. Dr. Rerych testified that his community of Asheville, North Carolina, had acute beds and general surgeons and that the hospital where he practiced was a teaching hospital. The agreed upon Statement of Facts showed the medical communities of Nashville and Asheville to be quite different. Nashville has more hospitals than Asheville and has medical schools which Asheville does not. Demographically, Asheville is much smaller. Based upon the discussion in *Badgett v. Adventist Health Systems Sunbelt, Inc.*, M2007-02192-COA-R3-CV, 2009 WL 2365567 (Tenn. Ct. App. July 31, 2009), we cannot conclude that the trial court abused its discretion in finding that Dr. Rerych failed to prove that the medical communities of Asheville and Nashville are similar.

Based upon the finding that neither Dr. Shaw nor Dr. Rerych met the requirement of Tenn. Code Ann. § 29-26-115, we find that Dr. Williams failed to provide proof that negated an essential element of plaintiff's failure to admit claim. Consequently, we must reverse the grant of partial summary judgment pertaining to failure to admit, because it was made in reliance on their testimony.

As an alternate ground to sustain partial summary judgment, Dr. Williams also argues that the order granting the emergency room physician, Dr. Walker, summary judgment necessarily decided that *Dr. Williams's* decision not to admit Mrs. Shipley was not negligent. When the trial court granted Dr. Walker's motion, it had before it a Statement of Undisputed Facts, to which Mrs. Shipley filed no response, establishing through Dr. Walker's affidavit that Dr. Walker fully complied with the applicable standard of care in *his* evaluation, care and treatment of Mrs. Shipley. It was thus established that Dr. Walker, the emergency room doctor, was not negligent in the failure to admit Mrs. Shipley. Proof that failure to admit by an emergency room physician is not negligent does not automatically mean that the same decision by a surgeon who had treated Mrs. Shipley for months is not negligent. One doctor is an emergency room physician who saw Mrs. Shipley one time, while the other was a treating surgeon who had treated Mrs. Shipley for a period of time. Dismissal of Dr. Walker does not, in and of itself, establish that Dr. Williams was not negligent.

**B) Remaining Claims Against Dr. Williams**

In addition to negligent failure to admit, Mrs. Shipley also alleged that Dr. Williams negligently failed to properly assess Mrs. Shipley's condition, failed to provide necessary medical treatment, failed to have Mrs. Shipley properly referred to another doctor, and failed to adequately follow up on Mrs. Shipley's progress. In December of 2006, as discussed above, Dr. Williams

moved for summary judgment of Mrs. Shipley's remaining negligence claims on the sole ground that the expert proof offered by Mrs. Shipley, the testimony of Dr. Stephen Rerych and Dr. Ronald Shaw, did not meet the requirement of Tenn. Code Ann. § 29-26-115.[3] Dr. Williams, however, offered *no proof* to negate Mrs. Shipley's remaining negligence claims whatsoever, but moved for summary judgment based solely on the inadmissibility of Mrs. Shipley's experts. The trial court granted Dr. Williams's motion finding that Drs. Rerych and Shaw do not meet the requirements of Tenn. Code Ann. § 29-26-115.

According to Dr. Williams, she should be granted summary judgment because both of Mrs. Shipley's experts fail to meet the statutory requirements. As discussed earlier, we have found that the trial court did not abuse its discretion when it found that plaintiff's experts failed to meet the statutory requirements. We do not believe, however, that the adequacy of plaintiff's proof is dispositive since Mrs. Shipley was under no obligation to create issues of fact. This is true because, as an initial matter, Dr. Williams failed to negate an essential element of plaintiff's claim.

In support of her motion for summary judgment, Dr. Williams filed excerpts from her deposition that do not address the applicable standard of care and whether she met it. Unlike Dr. Walker, Dr. Williams has filed no affidavit about the applicable standard of care and whether she met it. Dr. Williams filed a second Undisputed Statement of Facts (Second Statement)[4] with her motion. The statements contained therein do not address Dr. Williams's familiarity with the standard of care or compliance therewith, but predominantly address only facts pertaining to the communities of Mrs. Shipley's experts and their familiarity with the Nashville medical community. Dr. Williams also relied upon the affidavit and deposition excerpt of Dr. Walker that do not opine on whether Dr. Williams met the applicable standard of care on the four remaining malpractice claims.

Consequently, since Dr. Williams never negated an essential element of Mrs. Shipley's remaining negligence claims, Mrs. Shipley was under no obligation to offer expert proof creating issues of fact. Whether to grant summary judgment on the remaining negligence claims did not hinge on the admissibility of Mrs. Shipley's expert proof but on Dr. Williams' failure to negate an essential element of her claim. The admissibility of Mrs. Shipley's expert testimony then became irrelevant to the issue of whether to grant summary judgment on these four remaining claims. As discussed earlier, however, since Dr. Williams relied on plaintiff's experts to negate essential elements of Mrs. Shipley's failure to admit claim, the admissibility of Mrs. Shipley's experts was relevant as to whether to grant Dr. Williams partial summary judgment on the failure to admit claim.

---

[3] As discussed above, there are dangers in relying upon plaintiff's experts at one stage in the proceeding when their testimony is beneficial and then later disqualifying the plaintiff's experts when their testimony is not helpful.

[4] Mrs. Shipley's attorney objected to the Second Statement of Facts as irrelevant to the motion but admitted each statement for the purpose of the motion only.

## CONCLUSION

The order granting partial summary judgment on the failure to admit claim is reversed. The order of the trial court granting Dr. Williams summary judgment on the remaining claims is reversed. The matter is remanded to the trial court for further proceedings.[5] Costs of this appeal are assessed against the appellee, Dr. Robin Williams, for which execution may issue if necessary.

_____
PATRICIA J. COTTRELL, P.J., M.S.

---

[5] After the trial court granted summary judgment, Mrs. Shipley filed a motion to amend offering two additional experts. Since we reverse the trial court, there is no need to review the trial court's denial of the motion.