# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs May 5, 2011

## BRANDE KIRK, ET AL. v. MICHAEL A. CHAVIN, M.D.

**Appeal from the Circuit Court for Hamblen County**
**No. 05CV256      John K. Wilson, Judge**

---

### No. E2010-02139-COA-R3-CV-FILED-JUNE 3, 2011

---

Brande Kirk and Amanda Jordan, as children of Barbara Jordan, ("Plaintiffs") sued Michael A. Chavin, M.D. alleging medical malpractice in his treatment of Barbara Jordan. Dr. Chavin filed a motion for summary judgment. After a hearing, the Trial Court entered its order on August 30, 2010 finding and holding that Plaintiffs' expert was not qualified to testify in accordance with Tenn. Code Ann. § 29-26-115, and granting Defendant's motion for summary judgment. Plaintiffs appeal to this Court. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the Court, in which HERSCHEL P. FRANKS, P.J., and JOHN W. MCCLARTY, J., joined.

Michael S. Shipwash, Knoxville, Tennessee, for the appellants, Brande Kirk, and Amanda Jordan, as Children of their Mother, Barbara Jordan.

James G. O'Kane, Knoxville, Tennessee, for the appellee, Michael A. Chavin, M.D.

# OPINION

## Background

Barbara Jordan died in September of 2004. An autopsy determined that the cause of Ms. Jordan's death was morphine intoxication with bronchopneumonia considered a significant contributing condition. In September of 2005, Plaintiffs, as children of Ms. Jordan, sued Dr. Chavin for medical malpractice with regard to care and treatment Dr. Chavin had rendered to Ms. Jordan. The specific details of the alleged malpractice are not necessary to our resolution of the issue before us.

Dr. Chavin filed a motion for summary judgment in May of 2007, which the Trial Court denied by order entered February 23, 2009. The Trial Court's February 23, 2009 order found and held: "Based upon the appearance of counsel for both sides, the pleadings and the record as a whole, the Court was of the opinion that the Plaintiff's Expert, Gerald M. Aronoff, M.D. is competent to testify in this cause and therefore, Michael A. Chavin's Motion for Summary Judgment was denied."

The videotaped deposition for proof of Plaintiffs' expert, Gerald M. Aronoff, M.D., was taken in September of 2009.[1] Dr. Aronoff holds medical licenses in North Carolina and Massachusetts. He never has held a Tennessee medical license, never has practiced medicine in Tennessee, never has had privileges at any Tennessee hospital, and never has given trial testimony in a Tennessee courtroom. When asked, Dr. Aronoff admitted that he knows no pain management doctors in Morristown, Tennessee, and in fact, personally knows no physicians practicing in Morristown, Tennessee.

Dr. Aronoff stated that the hospital at which he has privileges in Charlotte, North Carolina, Presbyterian Orthopedic Hospital, is similar to Lakeway Regional Hospital in Morristown, Tennessee in terms of size and surgical capabilities. He admitted when questioned further, however, that Presbyterian Orthopedic Hospital is a speciality hospital that deals only with diseases and injuries that are orthopedic in nature while Lakeway Regional Hospital is a general acute care hospital. Dr. Aronoff was asked whether he was claiming that Charlotte, North Carolina is a community similar to Morristown, Tennessee, and he admitted that he is not making that claim. He also admitted that he is not claiming that Boston, Massachusetts, where he practiced previously, is similar to Morristown, Tennessee.

Dr. Chavin filed a renewed motion for summary judgment on May 13, 2010

---

[1]Dr. Aronoff's discovery deposition had been taken earlier.

supported, in part, by Dr. Chavin's affidavit in which he stated that he is familiar with the standard of care for anesthesiologists practicing the speciality of pain management in Morristown, Tennessee, in part due to his practice of this speciality in Morristown for years. In his affidavit, Dr. Chavin also opined within a reasonable degree of medical certainty that his care and treatment of Barbara Jordan did not fall below the acceptable standard of care.

After a hearing on Dr. Chavin's renewed motion for summary judgment, the Trial Court entered its order on August 30, 2010 granting summary judgment after finding and holding that the testimony of Dr. Aronoff was insufficient to qualify him to offer expert testimony in accordance with Tenn. Code Ann. § 29-26-115. Plaintiffs appeal to this Court.

## Discussion

Although not stated exactly as such, Plaintiffs raise one issue on appeal: whether the Trial Court erred in finding and holding that Plaintiffs' expert was not qualified to testify pursuant to Tenn. Code Ann. § 29-26-115, and granting Defendant summary judgment.

Our Supreme Court reiterated the standard of review in summary judgment cases as follows:

> The scope of review of a grant of summary judgment is well established. Because our inquiry involves a question of law, no presumption of correctness attaches to the judgment, and our task is to review the record to determine whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied. *Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn. 1997); *Cowden v. Sovran Bank/Cent. S.*, 816 S.W.2d 741, 744 (Tenn. 1991).

> A summary judgment may be granted only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Tenn. R. Civ. P. 56.04; *Byrd v. Hall*, 847 S.W.2d 208, 214 (Tenn. 1993). The party seeking the summary judgment has the ultimate burden of persuasion "that there are no disputed, material facts creating a genuine issue for trial . . . and that he is entitled to judgment as a matter of law." *Id*. at 215. If that motion is properly supported, the burden to establish a genuine issue of material fact shifts to the non-moving party. In order to shift the burden, the movant must either affirmatively negate an essential element of the nonmovant's claim or demonstrate that the nonmoving party cannot establish an essential element of his case. *Id*. at 215 n.5; *Hannan v. Alltel Publ'g Co.*, 270 S.W.3d 1, 8-9 (Tenn. 2008). "[C]onclusory assertion[s]" are not sufficient

to shift the burden to the non-moving party. *Byrd*, 847 S.W.2d at 215; *see also Blanchard v. Kellum*, 975 S.W.2d 522, 525 (Tenn. 1998). Our state does not apply the federal standard for summary judgment. The standard established in *McCarley v. West Quality Food Service*, 960 S.W.2d 585, 588 (Tenn. 1998), sets out, in the words of one authority, "a reasonable, predictable summary judgment jurisprudence for our state." Judy M. Cornett, *The Legacy of Byrd v. Hall: Gossiping About Summary Judgment in Tennessee*, 69 Tenn. L. Rev. 175, 220 (2001).

Courts must view the evidence and all reasonable inferences therefrom in the light most favorable to the non-moving party. *Robinson v. Omer*, 952 S.W.2d 423, 426 (Tenn. 1997). A grant of summary judgment is appropriate only when the facts and the reasonable inferences from those facts would permit a reasonable person to reach only one conclusion. *Staples v. CBL & Assocs., Inc.*, 15 S.W.3d 83, 89 (Tenn. 2000). In making that assessment, this Court must discard all countervailing evidence. *Byrd*, 847 S.W.2d at 210-11. Recently, this Court confirmed these principles in *Hannan*.

*Giggers v. Memphis Housing Authority*, 277 S.W.3d 359, 363-64 (Tenn. 2009).

As pertinent to this appeal, Tenn. Code Ann. § 29-26-115 provides:

**29-26-115. Claimant's burden in malpractice action – Expert testimony – Presumption of negligence – Jury instructions. –** (a) In a malpractice action, the claimant shall have the burden of proving by evidence as provided by subsection (b):

(1) The recognized standard of acceptable professional practice in the profession and the speciality thereof, if any, that the defendant practices in the community in which the defendant practices or in a similar community at the time the alleged injury or wrongful action occurred;
(2) That the defendant acted with less than or failed to act with ordinary and reasonable care in accordance with such standard; and
(3) As a proximate result of the defendant's negligent act or omission, the plaintiff suffered injuries which would not otherwise have occurred.

(b) No person in a health care profession requiring licensure under the laws of this state shall be competent to testify in any court of law to establish the facts required to be established by subsection (a), unless the person was licensed to practice in the state or a contiguous bordering state a profession or

speciality which would make the person's expert testimony relevant to the issues in the case and had practiced this profession or speciality in one (1) of these states during the year preceding the date that the alleged injury or wrongful act occurred. This rule shall apply to expert witnesses testifying for the defendant as rebuttal witnesses. The court may waive this subsection (b) when it determines that the appropriate witnesses otherwise would not be available....

Tenn. Code Ann. § 29-26-115 (Supp. 2010). As our Supreme Court has explained:

> This statute embraces the so-called "locality rule," which requires that the standard of professional care in a medical malpractice action be based upon "the community in which the defendant practices or in a similar community." As this Court recently explained:
>
>> A medical expert relied upon by a plaintiff must have knowledge of the standard of professional care in the defendant's applicable community or knowledge of the standard of professional care in a community *that is shown to be similar* to the defendant's community.

*Stovall v. Clarke*, 113 S.W.3d 715, 722 (Tenn. 2003) (quoting *Robinson v. LeCorps*, 83 S.W.3d 718, 724 (Tenn. 2002)) (emphasis in original).

In *Taylor v. Jackson-Madison County Gen. Hosp. Dist.*, a medical malpractice case also dealing with an issue regarding the competency of an expert witness to testify, this Court explained:

> Trial courts in Tennessee are vested with broad discretion in determining the admissibility, qualifications, and competency of expert testimony. *Roberts v. Bicknell*, 73 S.W.3d 106, 113 (Tenn. Ct. App. 2001) (citing *McDaniel v. CSX Transp., Inc.*, 955 S.W.2d 257, 263 (Tenn. 1997)). However, "[a]lthough the trial court has broad discretion in determining the qualifications of expert witnesses and the admissibility of their testimony … [,] reversal of the trial court's discretion is appropriate where the trial court's action is clearly erroneous or where there has been an abuse of discretion." *Wilson v. Patterson*, 73 S.W.3d 95, 102 (Tenn. Ct. App. 2001) (citations omitted).

\* \* \*

Proof regarding the "failure of a physician to adhere to an acceptable standard of care in treating a patient must be by expert medical testimony." *Williams v. Baptist Mem'l Hosp.*, 193 S.W.3d 545, 553 (Tenn. 2006); *Roberts*, 73 S.W.3d at 113. "In order to qualify as an expert in a medical malpractice action, a physician is not required to be familiar with all the medical statistics of a particular community." *Wilson*, 73 S.W.3d at 102. [sic] (citing *Ledford v. Moskowitz*, 742 S.W.2d 645 (Tenn. Ct. App. 1987)). However, in order to satisfy the requirements set forth under Section 29-26-115(a),

> a medical expert relied upon by the plaintiff "must have knowledge of the standard of professional care in the defendant's applicable community or knowledge of the standard of professional care in a community *that is shown to be similar* to the defendant's community." *Robinson v. LeCorps*, 83 S.W.3d 718, 724 (Tenn. 2002). Expert witnesses may not simply assert their familiarity with the standard of professional care in the defendant's community without indicating the basis for their familiarity. *Id*.; *see also Stovall v. Clarke*, 113 S.W.3d 715, 723 (Tenn. 2003); [*Kenyon v. Handal*, 122 S.W.3d 743, 760, 762 (Tenn. Ct. App. 2003)].

*Williams*, 193 S.W.3d at 553. "[W]hile an expert's discussion of a national standard of care does not require exclusion of the testimony, 'such evidence may not substitute for evidence that first establishes the requirements of [Section] 29-26-115(a)(1).'" *Stovall*, 113 S.W.3d at 722 (quoting *Robinson*, 83 S.W.3d at 724). Thus, if a plaintiff's expert fails to demonstrate adequate knowledge concerning the medical resources and standards of care of the community in which the defendant practices, or a similar community, then such plaintiff will be unable to demonstrate a breach of duty. *Mabon v. Jackson-Madison County Gen. Hosp.*, 968 S.W.2d 826, 831 (Tenn. Ct. App. 1997) (citing *Cardwell v. Bechtol*, 724 S.W.2d 739, 754 (Tenn. 1987)).

*Taylor v. Jackson-Madison County Gen. Hosp. Dist.*, 231 S.W.3d 361, 365-66 (Tenn. Ct. App. 2006) (emphasis in original). "When our review arises from a trial court's award of summary judgment, however, we must view statements made in the expert's affidavit in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor." *Eckler v. Allen*, 231 S.W.3d 379, 384 (Tenn. Ct. App. 2006).

Dr. Aronoff admitted during his deposition for proof that he never has held a Tennessee medical license, never has practiced medicine in Tennessee, never has had

-6-

privileges at any Tennessee hospital, and never has given trial testimony in a Tennessee courtroom. When asked if he sees patients from other states in connection with his practice in Charlotte, Dr. Aronoff stated:

> Well, the states range from West Virginia, Tennessee, Kentucky. I've had a number of patients from Georgia. We have seen patients from Florida. We have one patient who came down from Boston. And I have - - I now have I believe two patients from New York and one patient who actually relocated to get pain care here from California.

Plaintiffs, however, never showed any connection between Dr. Aronoff's vague assertion that he sees patients from Tennessee with the acceptable standard of care in Morristown, Tennessee.

Plaintiffs failed to show that Dr. Aronoff was familiar with the acceptable standard of care in Morristown, Tennessee. As such, in order for Dr. Aronoff to be qualified to testify as an expert, Plaintiffs were required to show that Dr. Aronoff was familiar with the standard of care in a community shown to be similar to Morristown, Tennessee. Dr. Aronoff's own testimony, however, shows that Morristown, Tennessee is not similar to the two communities in which Dr. Aronoff practiced, i.e., Charlotte, North Carolina, and Boston, Massachusetts. Furthermore, although Dr. Aronoff testified that the hospital in Charlotte at which he has privileges is similar to Lakeway Regional Hospital in Morristown, Tennessee in terms of size and surgical capabilities, he admitted upon further questioning that Presbyterian Orthopedic Hospital in Charlotte, where he has privileges, is a speciality hospital that deals only with diseases and injuries that are orthopedic in nature while Lakeway Regional Hospital in Morristown is a general acute care hospital. Dr. Aronoff candidly admitted that he is not claiming that either Boston or Charlotte is a community similar to Morristown. Not surprisingly, Plaintiffs never showed that either Boston or Charlotte is a community similar to Morristown. Plaintiffs failed to satisfy their burden under the statute to show that Dr. Aronoff knew the acceptable standard of care in either Morristown or any community similar to Morristown. The Trial Court did not err in its decision that Dr. Aronoff is not qualified under Tenn. Code Ann. § 29-26-115 to testify as an expert in this lawsuit.[2]

In his motion for summary judgment, Defendant negated essential elements of Plaintiffs' claim. The burden then shifted to Plaintiffs to establish a genuine issue of material fact. Plaintiffs failed to establish a genuine issue of material fact when they failed to show

---

[2]While the continued necessity of the 'locality rule' may well be debatable, such a decision is a policy decision to be made by our General Assembly.

that their only expert, Dr. Aronoff, was familiar with the acceptable standard of care either in Morristown, Tennessee or in a community shown to be similar to Morristown, Tennessee, and, thus, was not qualified to testify as an expert pursuant to Tenn. Code Ann. § 29-26-115. The Trial Court did not err in finding and holding that Dr. Aronoff was not qualified to testify pursuant to Tenn. Code Ann. § 29-26-115, and further, did not err in granting Defendant summary judgment.

### Conclusion

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed against the appellants, Brande Kirk and Amanda Jordan, and their surety.

_____
D. MICHAEL SWINEY, JUDGE