IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
January 17, 2012 Session

## VIVIAN KENNARD v. ARTHUR M. TOWNSEND, IV., M.D., ET AL.

**Appeal from the Circuit Court for Shelby County**
**No. CT-000267-07     Robert L. Childers, Judge**

_____

**No. W2011-01843-COA-RM-CV - Filed March 2, 2012**

_____

This case is before us upon mandate from the Tennessee Supreme Court for reconsideration of our previous opinion, *Kennard v. Townsend*, No. W2010–00461–COA–R3C, 2011 WL 1434625 (Tenn. Ct. App. April 14, 2011), in light of the Tennessee Supreme Court's decision in *Shipley v. Williams*, 350 S.W.3d 527 (Tenn. 2011). In our previous review of this medical malpractice case, we upheld the trial court's exclusion of Appellant's medical expert under the locality rule, and further affirmed the trial court's grant of summary judgment against the Appellant. Because the qualifications of Appellant's expert were not considered in light of *Shipley*, and because the admission of expert testimony is a matter of discretion in the trial court, we vacate the orders excluding the testimony of the Appellant's expert and the grant of summary judgment, and remand for reconsideration in light of the *Shipley* decision. Vacated and remanded.

### Tenn. R. App. P. 3. Appeal as of Right; Judgment of the Circuit Court Vacated and Remanded

J. STEVEN STAFFORD, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and DAVID R. FARMER, J., joined.

Al H. Thomas and Aaron L. Thomas, Memphis, Tennessee, for the appellant, Vivian Kennard.

William H. Haltom, Jr., and Margaret F. Cooper, Memphis, Tennessee, for the appellee, Arthur M. Townsend, IV., M.D., and Associates Obstetrics & Gynecology, P.C.

### OPINION

Before addressing the decision in *Shipley v. Williams*, 350 S.W.3d 527 (Tenn. 2011),

we first pause for a truncated review of the relevant factual and procedural history of this case. A thorough recitation is set out in this Court's previous opinion, ***Kennard v. Townsend***, No. W2010–00461–COA–R3C, 2011 WL 1434625 (Tenn. Ct. App. April 14, 2011) ("***Kennard I***").

On January 7, 2007, Vivian Kennard ("Plaintiff," or "Appellant") filed a complaint for medical malpractice against Dr. Arthur M. Townsend, IV and Associates Obstetrics & Gynecology, P.C. (together, "Defendants," or "Appellees"). By her complaint, Ms. Kennard alleged that the Appellees had committed medical malpractice against her during the birth of her child in June of 2004. Specifically, Ms. Kennard alleged that the Appellees failed to properly manage her blood pressure during the delivery, thus causing her permanent blindness in both eyes.

On or about February 16, 2007, the Appellees filed a motion for summary judgment on the ground that Ms. Kennard had failed to establish, through expert proof, that Dr. Townsend deviated from the recognized standard of acceptable professional care in the treatment of Ms. Kennard. The motion for summary judgment was supported by the Affidavit of Dr. Townsend, wherein he stated that he had complied with the applicable standard of care in his treatment of Ms. Kennard. In response to the motion for summary judgment, Ms. Kennard filed the Affidavit of Richard McLaughlin, M.D. In relevant part, Dr. McLaughlin's Affidavit states:

> At the time of these events I was licensed to practice medicine in the State of Missouri and was so licensed and did practice during the year preceding the treatment of Vivian Kennard. I am board certified in Obstetrics & Gynecology since November 1971. I am familiar with the recognized standard of acceptable professional medical practice in these and related fields of medicine, and more specifically, the patient care of someone in the position of Vivian Kennard in an area such as Memphis, Tennessee where the standard of care would be comparable to the cities and facilities at which I have practiced medicine. I am familiar with the standard of care as it existed in 2004. I am familiar with the standard of care in Springfield, Missouri. I gained first hand knowledge of the standard of care of Springfield through my years of practice as an OB/GYN physician in the Springfield community. My experience include[s] care of patients with presentations such as that of Vivian Kennard. I have gained first hand knowledge of the Memphis Medical community through internet search[es] over

-2-

the years including 2005. I have also reviewed medical cases from various hospitals and have gained insight as to how medicine is practiced in Memphis. In addition, I have read a text written by researchers from the University of Memphis Medical School, Dr. Frank Ling and Dr. Patrick Duff, Obstetrics & Gynecology, Principals for Practice. It is my opinion that the Memphis medical community is similar to the medical community of Springfield, Missouri. Memphis, a Regional Medical Center as is Springfield, draws many patients from Mississippi and Arkansas. Springfield provides care to an 18–county primary service area in southwest Missouri and northern Arkansas. Memphis has the University of Tennessee Medical School with residents practicing primarily at the Regional Medical Center and Methodist University Hospital. There are a similar number of hospitals in Memphis as there are in the Springfield area. . . .

The case was set for trial on January 25, 2010. On January 6, 2010, Dr. Townsend and Associates Obstetrics filed a motion *in limine* to exclude Ms. Kennard's expert, Dr. Richard McLaughlin, because Dr. McLaughlin's testimony allegedly did not comply with the "locality rule," Tennessee Code Annotated Section 29-26-115, *see infra*.

On or about January 15, 2010, the trial court granted Appellees' motion *in limine*, thereby excluding Dr. McLaughlin's testimony. Thereafter, the Appellees set their previously-filed motion for summary judgment for hearing on the ground that Ms. Kennard had provided no expert medical testimony against them. The trial court entered an order granting Appellees' motion for summary judgment, finding that Ms. Kennard's expert testimony had been excluded and that she had provided no additional expert proof against the Appellees. This order was made final as to the Appellees by the inclusion of Tennessee Rule of Civil Procedure 54.02 language. Ms. Kennard appealed and raised two issues for review, which we restated as follows:

1. Whether the trial court abused its discretion by excluding the testimony of Appellant's expert, Dr. Richard McLaughlin, on grounds that Appellant failed to establish that Dr. McLaughlin was familiar with the standard of care for obstetricians and gynecologists practicing in Memphis, Tennessee, or that Dr. McLaughlin was familiar with the standard of care for obstetricians and gynecologists practicing in a similar community?

2. Whether the trial court, after finding that Appellant's expert's testimony was inadmissible, properly granted summary judgment in favor of Dr. Townsend and Associate Obstetrics & Gynecology?

In **Kennard I**, we specifically held that:

> Dr. McLaughlin failed to establish that Memphis and Springfield are similar communities. Other than the testimony given by Dr. McLaughlin, Ms. Kennard did not submit any other evidence to support a finding of similarity between the Memphis and Springfield communities. Consequently, we conclude that the trial court did not err in finding that Ms. Kennard failed to establish that her expert was familiar with the standard of care in a community similar to Dr. Townsend's community; therefore, the trial court properly excluded Dr. McLaughlin's testimony.

**Kennard I**, 2011 WL 1434625 at *11.

On August 30, 2011, the Tennessee Supreme Court issued its order granting Ms. Kennard's Tennessee Rule of Appellate Procedure 11 application for the narrow purpose of remanding the case to this Court for reconsideration in light of the Tennessee Supreme Court's opinion in **Shipley v. Williams**, 350 S.W.3d 527 (Tenn. 2011).

## Analysis

A trial court's decision concerning the competency of an expert witness is reviewed by this Court under an abuse of discretion standard. As discussed by this Court in **Carpenter v. Klepper**, 205 S.W.3d 474 (Tenn. Ct. App. 2006):

> A trial court has broad discretion in determining the "admissibility, qualifications, relevancy and competency of expert testimony." **McDaniel v. CSX Transp.**, 955 S.W.2d 257, 263 (Tenn. 1997). Questions regarding the qualifications of expert witnesses are left to the trial court's discretion and may be overturned only if that discretion is abused. **McDaniel**, 955 S.W.2d at 263. The Tennessee Supreme Court has defined an abuse of discretion to mean "an erroneous conclusion or judgment on the part of the trial judge-a conclusion that was

-4-

clearly against logic (or reason) and not justified." ***Foster v. Amcon Int'l, Inc.***, 621 S.W.2d 142, 145 (Tenn. 1981).

***Carpenter***, 205 S.W.3d at 477.

The trial court's decision on a motion for summary judgment is a question of law, which we review *de novo* upon the record with no presumption of correctness. ***Hall v. Haynes***, 319 S.W.3d 564, 571 (Tenn. 2010); ***Bailey v. Blount Cnty. Bd. of Educ.***, 303 S.W.3d 216, 226 (Tenn. 2010). A trial court may properly grant a motion for summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. In deciding a motion for summary judgment, a trial court should not weigh evidence, but must accept the nonmoving party's evidence as true and view both the evidence and all reasonable inferences that can be drawn therefrom in the light most favorable to the nonmoving party. ***Shipley***, 350 S.W.3d at 551; ***Martin v. Norfolk S. Ry. Co.***, 271 S.W.3d 76, 84 (Tenn. 2008).

Tennessee Code Annotated Section 29-26-115 governs the burden of proof in medical malpractice cases and provides, in relevant part, as follows:

> § 29-26-115. Burden of proof; expert witnesses.
>
> (a) In a malpractice action, the claimant shall have the burden of proving by evidence as provided by subsection (b):
> (1) The recognized standard of acceptable professional practice in the profession and the specialty thereof, if any, that the defendant practices in the community in which the defendant practices or in a similar community at the time the alleged injury or wrongful action occurred;
> (2) That the defendant acted with less than or failed to act with ordinary and reasonable care in accordance with such standard; and
> (3) As a proximate result of the defendant's negligent act or omission, the plaintiff suffered injuries which would not otherwise have occurred.
> (b) No person in a health care profession requiring licensure under the laws of this state shall be competent to testify in any court of law to establish the facts required to be established by subsection (a), unless the person was licensed to practice in the

state or a contiguous bordering state a profession or specialty which would make the person's expert testimony relevant to the issues in the case and had practiced this profession or specialty in one (1) of these states during the year preceding the date that the alleged injury or wrongful act occurred. This rule shall apply to expert witnesses testifying for the defendant as rebuttal witnesses. The court may waive this subsection (b) when it determines that the appropriate witnesses otherwise would not be available.

Subsection (b) of the statute sets out the criteria for a medical expert's competency and is referred to as the "locality rule." ***Shipley***, 350 S.W.3d at 550. In ***Shipley***, our Supreme Court specifically stated that Tennessee courts had incorrectly interpreted the requirements of the locality rule. As pointed out in the recent case of ***Walker v. Garabedian***, No. W2010–02645–COA–R3–CV, 2011 WL 6891575 (Tenn. Ct. App. Dec. 28, 2011):

> Shipley first emphasized that the trial court, in its historic role as gatekeeper, does not weigh the evidence prior to trial, but utilizes its discretion to determine if evidence, including expert testimony, will be admitted at trial.

***Id.*** at *5 (citation omitted). Concerning the proof of what constitutes a "similar community" under Tennessee Code Annotated Section 29-26-115(a)(1), the ***Shipley*** Court stated:

> Principles of *stare decisis* compel us to adhere to the requirement that a medical expert must demonstrate a modicum of familiarity with the medical community in which the defendant practices or a similar community. Generally, an expert's testimony that he or she has reviewed and is familiar with pertinent statistical information such as community size, hospital size, the number and type of medical facilities in the community, and medical services or specialized practices available in the area; has discussed with other medical providers in the pertinent community or a neighboring one regarding the applicable standard of care relevant to the issues presented; or has visited the community or hospital where the defendant practices, will be sufficient to establish the expert's testimony as relevant and probative to "substantially assist the trier of fact to understand the evidence or to determine a fact in issue" under

Tennessee Rule of Evidence 702 in a medical malpractice case and to demonstrate that the facts on which the proffered expert relies are trustworthy pursuant to Tennessee Rule of Evidence 703.

*Shipley*, 350 S.W.3d at 552.

The *Shipley* Court went on to state that:

[T]he "personal, firsthand, direct knowledge" standard set forth in *Eckler* and *Allen* is too restrictive. There is substantial Tennessee precedent allowing experts to become qualified by educating themselves by various means on the characteristics of a Tennessee medical community. . . . A proffered medical expert is not required to demonstrate "firsthand" and "direct" knowledge of a medical community and the appropriate standard of medical care there in order to qualify as competent to testify in a medical malpractice case. A proffered expert may educate himself or herself on the characteristics of a medical community in order to provide competent testimony in a variety of ways, including but not limited to reading reference materials on pertinent statistical information such as community and/or hospital size and the number and type of medical facilities in the area, conversing with other medical providers in the pertinent community or a neighboring or similar one, visiting the community or hospital where the defendant practices, or other means. We expressly reject the "personal, firsthand, direct knowledge" standard formulated by the Court of Appeals in *Eckler* and *Allen*.

*Id*. at 552–53. As correctly pointed out by Judge Kirby in *Walker*:

Shipley expressly rejected the requirement that a medical expert have "personal, firsthand, direct knowledge" of the standard of care in the defendant's community in order to offer expert testimony on that standard, as set forth in decisions by some of Tennessee's intermediate appellate courts. [Footnote 4 provides: "Shipley noted that this requirement was imposed by the intermediate appellate courts in the Western Section of Tennessee, citing *Eckler v. Allen*, 231 S.W.3d 379 (Tenn. Ct. App. 2006) and *Allen v. Methodist Healthcare Memphis Hosps*., 237 S.W.3d 293 (Tenn. Ct. App. 2007), but was

-7-

rejected by the intermediate appellate courts in the Eastern Section of Tennessee, citing **Farley v. Oak Ridge Med. Imaging**, No. E2008–01731–COA–R3–CV, 2009 Tenn. App. LEXIS 540, at *32, 2009 WL 2474742, at *10 (Tenn. Ct. App. Aug. 13, 2009). **Shipley**, 350 S.W.3d at 549–50].

**Walker**, 2011 WL 6891575 at *6.

"Shipley then addressed expert medical testimony of a broad regional or national standard of care, finding that an expert who opines that a national standard of care applies should not be per se disqualified from offering testimony at trial." ***Id.*** It is clear that the **Shipley** holding represents a paradigm shift concerning how Tennessee Courts should approach the admission or exclusion of medical expert testimony:

> In summary, (1) at the summary judgment stage of the proceedings, trial courts should not weigh the evidence but must view the testimony of a qualified expert proffered by the nonmoving party in the light most favorable to the nonmoving party. (2) A claimant is required to prove "[t]he recognized standard of acceptable professional practice ... in the community in which the defendant practices or in a similar community." Tenn. Code Ann. § 29-26-115(a)(1). The medical expert or experts used by the claimant to satisfy this requirement must demonstrate some familiarity with the medical community in which the defendant practices, or a similar community, in order for the expert's testimony to be admissible under Rules 702 and 703. Generally, a competent expert's testimony that he or she has reviewed and is familiar with pertinent statistical information such as community size, hospital size, the number and type of medical facilities in the community, and medical services or specialized practices available in the area; has had discussions with other medical providers in the pertinent community or a neighboring one regarding the applicable standard of care relevant to the issues presented; or has visited the community or hospital where the defendant practices, will be sufficient to establish the expert's testimony as admissible. (3) A medical expert is not required to demonstrate "firsthand" and "direct" knowledge of a medical community and the appropriate standard of medical care there in order to qualify as competent to testify in a medical malpractice case. A proffered expert may educate

himself or herself on the characteristics of a medical community in a variety of ways, as we have already noted. (4) In addition to testimony indicating a familiarity with the local standard of care, a medical expert may testify that there is a broad regional standard or a national standard of medical care to which members of his or her profession and/or specialty must adhere, coupled with the expert's explanation of why the regional or national standard applies under the circumstances.

*Shipley*, 350 S.W.3d at 554.

As was the case in *Walker*, our holding in *Kennard I* was made before the Tennessee Supreme Court issued its opinion in *Shipley*. Consequently, neither this Court, nor the trial court, had the opportunity to consider the case in light of the changes that resulted from the *Shipley* holding. Given the fact that admissibility of evidence is a matter that triggers the trial court's discretion, this Court cannot usurp that discretion by conducting a *de novo* review of Dr. McLaughlin's qualifications in light of *Shipley*. In determining the admissibility of evidence, we conclude that the trial court should have the opportunity to reconsider its decision with the benefit of the argument of counsel concerning the impact of *Shipley* on Dr. McLaughlin's testimony. *Walker*, 2011 WL 6891575 at *7. We further note that the parties' discovery, the deposition of Dr. McLaughlin, the pleadings and supporting affidavits surrounding Appellees' motion *in limine* to exclude Dr. McLaughlin's testimony, as well as the Appellees' motion for summary judgment, all took place without consideration of the analysis in *Shipley*. As noted by Judge Kirby in *Walker*, "under *Shipley*, it is arguable that a medical expert such as Dr. [McLaughlin] despite never having practiced medicine in Tennessee, could become competent to testify about the standard of acceptable professional practice in [Memphis], and not just in a community that is similar to [Memphis]." *Id*. at n.5 (citing *Shipley*, 350 S.W.3d at 552–53, 54). Therefore, upon remand, the trial court may, in its discretion, permit the parties to submit amended pleadings or take additional discovery to address the standard explained in *Shipley*. *Id*.

For the foregoing reasons, the order of the trial court granting Appellees' motion *in limine* to exclude Dr. McLaughlin's testimony and the order granting summary judgment in favor or Appellees is vacated. The case is remanded for further proceedings consistent with this Opinion. Costs of this appeal are assessed one half to the Appellant, Vivian Kennard, and her surety, and one half to the Appellees, Dr. Arthur M. Townsend and Associates Obstetrics and Gynecology, P.C., for which execution may issue if necessary.

_____
J. STEVEN STAFFORD, JUDGE